FRANK KEITH v. THE UNITED STATES *et al.*

(Filed Aug. 24, 1899.)

INDIANS—*Citizenship.* A child who is the offspring of a white father and an Indian woman is not by birth an Indian, but is a citizen of the United States, and is not entitled to the benefit of the act of congress of February 8, 1887, (1 Supp. Rev. Stat. U. S. p. 534, sec. 4.)

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Jno. H. Burford, District Judge.*

*R. B. Forrest* and *W. H. Criley,* for plaintiff in error.

*S. L. Overstreet, United States Attorney,* for defendant in error.

Action by Frank Keith against the United States and another.

### STATEMENT OF THE CASE.

The amended petition in this case stated that the plaintiff was born in the Arapahoe tribe of Indians, from a marriage between a white father, adopted into the tribe when a child, and a half-breed Indian woman; that the parents had lived with the tribe for years, and had been treated with as members of the tribe, and enjoyed all the rights of an Indian member of the tribe, under the treaties made by the United States with the Arapahoe tribe of Indians, and the laws of the United States enacted and in force relative thereto, and enjoyed all the rights, privileges and annuities granted to said

tribe by the government; that the family had segregated.
themselves from the tribe by living upon lands not within
the tribal reservation, but near the agency, and had
entered upon the pursuit of farming, and adopted the·
habits of civilized people, and had become citizens of the·
United States to all intents and purposes, if not in fact
under the letter and spirit of the law; that the plaintiff·
had settled upon the land in question long prior to the·
proclamation of the president opening up the Oklahoma,
lands to settlement, of which it was a part; that, on
the opening, the secretary of the interior reserved this
land, and under the act of February 8, 1887, set it aside·
to the plaintiff as an allotment under that law; that sub-
sequently the interior department refused to issue the·
patent required by the statute; and that the defendant,
the United States, now refuses to allow the plaintiff to·
retain the land as an allotment, under the homestead
laws applicable to Indians and others, and denies and
excludes the plaintiff from any right, title, or interest
therein, and refuses to issue a patent to the plaintiff for·
said land under any act of congress; and that the de-
fendant Morey has entered upon the land, and appro-
priated to himself the improvements belonging to the·
plaintiff, and has appropriated to himself the use of the·
land, and refuses, by force and menace, to permit the·
plaintiff to enjoy the use thereof.    The petition avers
that the plaintiff was at all times under the care and
control of an Indian agent appointed by the United
States, and that he was clothed and educated at the ex-
pense of, and under the supervision of the United.
States; and he asked for relief "that the land be set aside
to him, and that an order be made directing that a patent

be issued" to him.  A demurrer was interposed on behalf of the United States, upon the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant, the United States.  The court sustained the demurrer, exceptions were reserved, and the case is brought here upon this ruling of the court.  Affirmed.

Opinion of the court by

McATEE, J.: The law of the United States under which the plaintiff asserts his rights here, and which was enacted on February 8, 1887, and is to be found in 1 Supp. Rev. St. U. S. p. 534, sec. 4, reads as follows: "Where any Indian not residing upon a reservation * * shall make settlement upon any surveyed or unsurveyed lands of the United States not otherwise appropriated, he or she shall be entitled, upon application to the local land office for the district in which the lands are located, to have the same allotted to him or her, and to his or her children, in quantities and measures as provided in this act for Indians residing upon reservations; and when such settlement is made upon unsurveyed lands, the grant to such Indian shall be adjusted upon the survey of the lands so as to conform thereto; and patents shall be issued to them for such lands in the manner and with the restrictions as herein provided." The question raised upon the demurrer is whether or not the plaintiff as an Indian, is entitled to the benefit of the provisions of this act. While it is averred that he was a member of the Arapahoe tribe, and enjoyed all the rights of a member of such tribe, yet these averments will be controlled by the several special statements of fact made in the peti-

tion, that he was born "from a marriage between a white father adopted into the tribe when a child and a half-breed Indian woman."

The question was presented in *Ex parte Reynolds*, 5 Dill. 394, Fed. Cas. No. 11,719, and it was there concluded that, the Indians being free persons, the common-law rule that the offspring of free persons follows the condition of the father prevails in determining the status of the offspring of a white man, a citizen of the United States, and an Indian woman. This case was cited in the opinion of Assistant Attorney General Shields to the secretary of the interior, November 27, 1891 (13 Land Dec. 685,) and the rule reannounced in the declaration that "children of such parents are therefore by birth not Indians, but citizens of the United States, and consequently not entitled to allotments under the act of March 2, 1889," which provided for allotments to the members of the tribe to which this woman belonged. The ruling made in *Ex parte Reynolds* was also cited and followed in the case of *U. S. v. Ward*, 42 Fed. 320, and will be followed here. The judgment is affirmed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.